IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GLEN DALE DAVIS, 1760020, )
    Petitioner, )
 )
v. ) No. 3:13-CV-4522-B
 )
WILLIAM STEPHENS, Director, TDCJ-CID, )
    Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Statement of the Case:** Petitioner filed this action as a petition for writ of mandamus. He is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID. No process has issued in this case.

**Screening:** As a prisoner seeking redress from an officer or employee of a governmental entity, petitioner's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b) provides for *sua sponte* dismissal if the Court finds the complaint frivolous or if the complaint fails to state a claim upon which relief may be granted.

**Discussion:** Although Petitioner filed this action as a petition for writ of mandamus, he is actually asking this Court for a free copy of his state records for the conviction he is challenging

in a pending habeas corpus petition. *See Davis v. Stephens*, No. 3:13-CV-4522-B (N.D. Tex.). An indigent party has no constitutional right to free copies of court records. *See United States v. MacCollom*, 426 U.S. 317, 325-26 (1976); *Smith v. Beto*, 472 F.2d 164, 154 (5th Cir. 1973). Petitioner has also not stated why the records are necessary for his § 2254 proceeding. He simply states the records "will be used by Petitioner for further Appellant proceedings." (Pet. at 2.) Further, Petitioner filed a direct appeal of his conviction and has not argued he did not receive a copy of the state records to pursue that appeal. Petitioner's request for a free copy of his state records should be denied. Petitioner may contact the District Clerk's Office and make financial arrangements to have a copy of his state records produced.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the petition for writ of mandamus be denied.

Signed this 12 day of December, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          -2-

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).